UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE TORI MITCHELL, | Civil Action No. 14-0368 (MAS) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| DETECTIVE DANIEL PAGNOTTA, III, et al., | |
| Defendants. | |

This matter having come before the Court on a civil Complaint pursuant to 42 U.S.C. § 1983, filed by Plaintiff Andre Tori Mitchell, alleging that his constitutional rights were violated due to a false arrest. It appearing:

1. At the time the Complaint was filed, Plaintiff was a pretrial detainee awaiting trial. (Compl. 2, ECF No. 1.) Plaintiff's claims arose out of an incident in which he alleges that he was falsely arrested, without a warrant, by Defendants on a drug-related offense that he allegedly had no knowledge of. (*Id.* at 6.)

2. Because Plaintiff was proceeding *in forma pauperis*, the Court conducted its initial screening pursuant to 28 U.S.C. § 1915(e)(2), and allowed the Complaint to proceed except those claims against Defendant Trenton Police Department. (*See* Order, Nov. 18, 2014, ECF No. 9.)

3. During discovery, on October 30, 2015, Defendants filed a letter with the Court, seeking to extend discovery, or in the alternative stay the matter, due to progress being made in Plaintiff's underlying criminal proceedings. (*See* Defs.' Letter 2, Oct. 30, 2015, ECF No. 35.) However, in the Letter, Defendants informed this Court that Plaintiff had pled guilty of the charges that gave rise to his arrest. (*Id.* at 1.) Although Plaintiff later attempted to withdraw that plea, the trial court

rejected his request, and sentenced Plaintiff on May 8, 2015. (*Id.*) As such, it appears that Plaintiff has a valid conviction against him that is directly related to the claims he raises in the Complaint. Courts may take judicial notice of the disposition of a criminal proceeding. *See Bolick v. Pennsylvania*, 473 F. App'x 136, 138 (3d Cir. 2012) ("[A] court is permitted to look to matters of public record, including 'criminal case dispositions.'")

4. Under the federal *in forma pauperis* statute, the Court "*shall* dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2) (emphasis added). Because Plaintiff now has a valid conviction against him for the charges that gave rise to his arrest, his false arrest claims would appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court stated,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)). False arrest claims are such claims that would be barred by *Heck* after a valid conviction. *See Wells v. King*, 232 F. App'x 148, 149 (3d Cir. 2007) (holding that, when a plaintiff's claims of false arrest and false imprisonment amount to a challenge of his valid

conviction and sentence, they are barred by *Heck*). Accordingly, it appears that the Court must dismiss the Complaint for failure to state a claim on which relief may be granted under § 1915.

**IT IS** therefore on this ___3___ day of ___February___, 2016,

**ORDERED** that Plaintiff shall, within 30 days of the date of entry of this Order, show cause in writing as to why the Complaint should not be dismissed for failure to state a claim on which relief may be granted; failure to respond to this Order will result in the dismissal of the Complaint; it is further

**ORDERED** that Defendants shall have 14 days, after receipt of Plaintiff's submission above, to respond; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Michael A. Shipp
United States District Judge